# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CREATIVE IMPLEMENTATION CORP. and 26 FLAVORS LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DEALS ON CALL LLC and YURY BERSON,**<br><br>**Defendants.** | **Civil Action No. 18-9694**<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**ECF CASE** |

Plaintiffs Creative Implementation Corp. ("Creative") and 26 Flavors LLC ("26 Flavors") (collectively, "Plaintiffs"), by and through their attorneys, Stern & Schurin LLP, for their Complaint against Defendants, Deals On Call LLC ("Deals On Call") and Yury Berson ("Berson") (collectively, "Defendants"), allege as follow:

## NATURE OF THE ACTION

1.       This is an action for implied passing off, false designation of origin, false advertising, trademark infringement, unfair competition and other deceptive acts and unlawful practices brought against Defendants who are passing off their inferior and expired coffee products as those originating with Plaintiffs.

2.       Creative is the owner and 26 Flavors is the exclusive licensee of multiple trademarks used in connection with the advertising and sale of single-use coffee capsules and pods on Amazon.com.  Plaintiffs have achieved substantial success by advertising and selling Plaintiffs' proprietary branded products, under several marks, including the marks CRAZY CUPS®, DOUBLE DONUT COFFEE® and CUSTOM VARIETY PACK™.

1

3.      In an effort to usurp Plaintiffs' growing business, Defendants have hijacked Plaintiffs' Amazon.com listing, which features Plaintiffs' trademarks and products, to sell different and inferior single-use coffee capsules.  In particular, Defendants have advertised branded packages of coffee capsules which contain, *inter alia*, CRAZY CUPS®, DOUBLE DONUT COFFEE® and EKOCUPS™ branded coffee capsules, as well as other third-party brands for purchase to consumers, at prices that are lower than those offered by Plaintiffs. However, when fulfilling customer orders, Defendants do not deliver Plaintiffs' CUSTOM VARIETY PACK™ branded packages of coffee capsules, nor are any of the capsules CRAZY CUPS®, DOUBLE DONUT COFFEE® or EKOCUPS™ branded coffee capsules.  Thus, consumers are confused and misled, believing that they have purchased Plaintiffs' proprietary and branded products, yet they receive totally different products that were not shown in the listing and which are inferior to Plaintiffs' products.  Indeed, customers believe that they have ordered specific products advertised and displayed on Amazon by Plaintiffs, yet these same customers receive different and inferior products.

4.      Moreover, many of the coffee capsules that are delivered to customers by Defendants are short-dated and/or expired.

5.      Defendants' unauthorized use of Plaintiffs' trademarks and advertising ideas to advertise and sell Defendants' short-dated and/or expired coffee capsules is likely to cause and has caused consumer confusion, mistake, and deception to the detriment of consumers and the reputation and goodwill belonging to Plaintiffs.

6.      As a result of these unlawful activities, and as demonstrated below, Defendants are liable to Plaintiffs for, *inter alia*, implied passing off, false designation of origin, unfair

competition, trademark infringement and misappropriation of advertising ideas under the Lanham Act and at common law.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121 for claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and under 28 U.S.C. § 1367 for supplemental jurisdiction of all other claims.

8.     This Court also has diversity jurisdiction over this dispute under 28 U.S.C. §1332(b) since this dispute exceeds $75,000 and is between a citizen of the State of New York, and a citizen of the State of Connecticut.

9.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim in this Complaint occurred in this district.

## THE PARTIES

10.     Creative is a corporation organized and existing under the laws of the State of New York, with a place of business at 251 West 39th Street, New York, NY 10018.

11.     Plaintiff Creative is the owner by assignment of the DOUBLE DONUT COFFEE®, CRAZY CUPS®, and CUSTOM VARIETY PACK™ trademarks.

12.     Plaintiff 26 Flavors is a limited liability company organized and existing under the laws of the State of New York, with a place of business at 251 West 39th Street, New York, NY 10018.

13.     26 Flavors is the exclusive licensee of the DOUBLE DONUT COFFEE®, CRAZY CUPS® and CUSTOM VARIETY PACK™ trademarks. 26 Flavors is also the owner of the EKOCUPS™ trademark.

14.     Plaintiff 26 Flavors advertises, markets, promotes, offers for sale, and sells, *inter alia*, single-use coffee capsules.

15.     Upon information and belief, Defendant Deals On Call is a limited liability company existing and organized under the law of the State of Connecticut.

16.     Upon information and belief, Defendant Deals On Call has a place of business at 2490 Black Rock Turnpike, Suite 404, Fairfield, Connecticut 06825.

17.     Upon information and belief, Deals On Call advertises, markets, offers for sale, and sells grocery and food items on Amazon.com, including, *inter alia*, single-use coffee capsules.

18.     Upon information and belief, Defendant Berson is the sole and principal member of Deals On Call.

19.     Upon information and belief, Berson makes and/or is integrally involved in all important decisions involving defendant Deals On Call, including without limitation decisions involving the advertising, marketing, offers for sale, and sales relating to coffee capsules which are accused herein of infringing and violating Plaintiffs' rights.

20.     Upon information and belief, Berson is personally responsible for deciding to misappropriate Plaintiffs' advertising ideas, including without limitation misappropriate the Amazon listing under which to advertise and sell coffee capsules and specifically chose to highjack Plaintiffs' listing to advertise and sell competing coffee capsules which are inferior to those of Plaintiffs.

21.     Upon information and belief, Berson is the moving, active, conscious force behind all Deals On Call's actions which are accused herein of infringing Plaintiffs' trademark rights and other rights.

22.     Upon information and belief, there exists, and all times herein mentioned there existed, a unity of interests between and among Defendants vis-à-vis the ownership, operation, and/or management of the business of Deals On Call.

23.     Upon information and belief, Deals On Call is dominated and controlled by Berson such that defendants may considered interchangeable with one another.

## FACTS

24.     Plaintiffs have built a business creating, advertising. marketing, and selling single-use coffee capsules and pods, as well as similar products for tea and hot chocolate.

25.     One of Plaintiffs' most successful product offerings is a package of different products marketed under the brand name CUSTOM VARIETY PACK™, which features a combination of various flavors of single-use coffee capsules from Plaintiffs' proprietary brands CRAZY CUPS®, DOUBLE DONUT COFFEE®, and EKOCUPS™, as well as other nationally-recognized coffee brands.

26.     Plaintiffs' sought to increase the market for their variety packs by creating listings for them on Amazon.com. Amazon.com assigned an Amazon Standard Identification Number ("ASIN") to Plaintiffs' unique product offerings.

27.     As a result of their listings and advertisements and promotion on Amazon.com, such as the listing under ASIN B00K2RY8GI, Plaintiffs' have seen a significant increase in their business and the development of a loyal customer base, many of which return for repeat purchases.

28.     In connection with their single-use coffee capsules and pods business, Plaintiffs are the owners by assignment and/or the exclusive licensee of the following protectable trademarks: CRAZY CUPS®, U.S. Trademark Registration No. 4405938; DOUBLE DONUT

COFFEE®, U.S. Trademark Registration No. 4958923; EKOCUPS™, U.S. Application Serial No. 87852519 and CUSTOM VARIETY PACK™ U.S. Application Serial No. 87877456.

29.     These trademarks are advertised and used on Plaintiffs' Amazon.com listings and photos.  Plaintiffs' photos and advertisements featuring Plaintiffs' products are advertised and displayed on Plaintiffs' Amazon.com listings.

30.     Consumers make purchasing decisions based upon the images that appear Amazon.com listings, which include Plaintiffs' trademarks and the manner in which Plaintiffs' products are packaged and displayed.  By the same token, consumers expect to receive products sold in Plaintiffs' branded packaging and which bear Plaintiffs' trademarks as part of their orders for products.

## DEFENDANTS' DECEPTIVE ACTS

31.     Berson, through his business entity Deals On Call, markets, offers for sale, and sells items on Amazon.com, including single-use coffee capsules.

32.     Among their product offerings, Defendants advertise, market, offer for sale, and sell variety packs of single-use coffee capsules.

33.     In an effort to trade upon Plaintiffs' goodwill, Defendants have associated their inferior packages of coffee capsules with the Amazon.com listing, advertising and pictures that were set up by Plaintiffs.  However, unlike the products that are advertised, marketed, promoted, offered for sale and sold by Plaintiffs, Defendants' packages of products do not contain Plaintiffs' proprietary brands CRAZY CUPS®, DOUBLE DONUT COFFEE® and/or EKOCUPS™.  By the same token, Defendants utilize packaging that is different from the recognized CUSTOM VARIETY PACK™ packaging that Plaintiffs' customers have come to know.

34.     Defendants are not authorized to deal in, advertise, market, offer for sale, or sell Plaintiffs' products which are marked with their proprietary brands CRAZY CUPS®, DOUBLE DONUT COFFEE®, and EKOCUPS™.  Moreover, Defendants are not authorized to deal in, advertise, market, offer for sale, or sell products in Plaintiffs' branded packaging.

35.     Upon information and belief, Consumers make their purchasing decisions on Amazon.com, in significant part, based on the brands, advertising, trademarks, packaging and photographs that are displayed.

36.     When consumers purchase the packages with varieties of coffee capsules shown in Plaintiffs' Amazon.com listings, they expect the fulfilled order to contain those brands and flavors actually displayed and itemized in the listing.  This includes Plaintiffs' proprietary brands CRAZY CUPS®, DOUBLE DONUT COFFEE®, and EKOCUPS™.  By the same token, customers also expect that their purchased product will arrive in Plaintiffs' branded CUSTOMER VARIETY PACK™ packaging.

37.     Based upon Defendants' actions, which are set forth below in greater detail, the Amazon.com website is riddled with complaints left by customers who did not receive the products that they intended to purchase and which were displayed under the Amazon listing, ASIN B00K2RY8GI.

38.     In some instances, consumers have even gone to the trouble of posting negative public reviews.  For example, on September 23, 2018, in a review captioned "Don't by this based on the image," a customer left a negative review stating, "I rated this a 1 star because I believe the image as well as the description should match the product."



A link to the negative review is presented here: https://www.amazon.com/gp/customer-reviews/R2UB61UQ8JZP6T/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00K2RY8GI.

39.     As a result of Defendants' fraudulent scheme and implied passing off their own different and inferior products and packaging, Plaintiffs have suffered substantial financial harm and harm to their business reputation and goodwill.

40.     By the same token, consumers are harmed because they do not receive the products they intended to purchase.

41.     To make matters worse, not only do Defendants deceive consumers by selling products which do not match the brands and trademarks posted on the Amazon.com listings, but Defendants also sell single-use coffee capsules and pods which are expired and/or short-dated.

42.     Once again, consumers have publicly reported receiving expired and/or short-dated product to Amazon.com.  For example, the following comment, captioned "Some cartridges are expired," was posted on September 17, 2018: "There are 5 cartridges expired in my 40 count.  Some of the cartridge expired more than 1 year."



A link to this negative review is presented here: https://www.amazon.com/gp/customer-reviews/R3NZU5LI2D1Q0D/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00K2RY8GI.

43.    There are many other complaints and negative reviews left by customers which litter Plaintiffs' Amazon listing under ASIN B00K2RY8GI.

44.    For example, on September 24, 2018, in a review that is captioned "Not recommended," a customer complained that only 36 coffee capsules were delivered by Deals On Call, even though the product listing states that the package contains 40 coffee capsules.  The review states: "It said 40 kcups on the description as well as the box, but actually only came with 36 kcups…."  A link to this negative review and two posted pictures showing the product originated with Deals On Call and that only 36 capsules were provided are presented below:

https://www.amazon.com/gp/customer-reviews/RPT3FCTR9ZDJW/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00K2RY8GI.





45.    In another complaint lodged on August 25, 2018, and captioned "NOT AS PICTURED," a customer complained that she received flavors of coffee capsules that were different from those that were posted on Amazon.  A link to this negative review is presented here: https://www.amazon.com/gp/customer-reviews/RGGXNAH4NMYRI/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00K2RY8GI

46.    In a review dated August 17, 2018, and captioned "Not as expected," a customer complained that the product she purchased arrived in a different box and with different coffee capsules than ones she had previously purchased and described as "excellent."  At the end of the review, the consumer states that she will "look for someone else to get a variety pack from. This gamble too expensive for me."  A link to this negative review is presented here:

https://www.amazon.com/gp/customer-

reviews/R3TLSRE57HVJ7N/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00K2RY8GI.

47.     In another review dated September 7, 2018, complaining that the product pictured

was not the same as the product delivered, and captioned "No Guarantees on Order," a customer

stated, "I was very excited to try some of these roasts that are pictured. Sadly I received a

different assortment of flavors." A link to this negative review is presented here:

https://www.amazon.com/gp/customer-

reviews/R3OQLYC3RY9Z7G/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00K2RY8GI.

48.     Several other customers also complained of the excessive number of

decaffeinated coffee capsules that were included in the package.  This was particularly damaging

since Plaintiffs' packages of coffee capsules never include decaffeinated selections.

49.     In a complaint dated August 15, 2018, and captioned "Beware of decaf," a

customer expressed extreme disappointment that 8 of the 40 coffee capsules were decaf, even

though there was no text in the description about any decaffeinated varieties of coffee being

included.  The review concludes, "won't be ordering again since 20% of the product was decaf

and I just had to give those away." A link to this negative review is presented here:

https://www.amazon.com/gp/customer-

reviews/R36NTZX951G98Y/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00K2RY8GI.

50.     Likewise, in a complaint dated August 16, 2018, and captioned "Came with a

bunch of Decaf coffee," a customer complained "My first box was great the second one I threw

half of the coffee away due to being Decaf and or crappy fruit flavors. Nasty." A link to this

negative review is presented here:  https://www.amazon.com/gp/customer-

reviews/R3FGQTGQ13RF22/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00K2RY8GI.

51.     In another "decaf" complaint dated August 22, 2018, and captioned "Nearly ¼ of the pods were decaf," a customer complained that 8 of the pods were decaffeinated coffee pods, commenting "That is seriously not cool."  A link to this negative review is presented here:

https://www.amazon.com/gp/customer-reviews/R3A1OSK9VOM9UB/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00K2RY8GI.

52.     Another customer posted a similar "decaf" complaint on August 27, 2018, complaining of the excessive number of decaf capsules in the package: "7 decaf coffees in my order. No thanks." A link to this negative review is presented here:

https://www.amazon.com/gp/customer-reviews/R39SJZCZK9FD2N/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00K2RY8GI.

53.     In yet another complaint dated August 30, 2018, a customer states, "Nearly half of what's in this assortment is decaf. I'll drink it - eventually - but not at all what I expected based on previous assortment boxes I've ordered."  A link to this negative review is presented here:

https://www.amazon.com/gp/customer-reviews/R177G8CAEIA8A3/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00K2RY8GI.

54.     Moreover, on at least three separate occasions, consumers have contacted Plaintiffs directly to complain of expired products ordered from Amazon under ASIN B00K2RY8GI.

55.     Upon information and belief, as a direct and proximate result of Defendants' actions, Plaintiffs have lost and will continue to lose a minimum of hundreds of thousands of dollars in direct damages based upon the loss of sales on Amazon.

56.     Upon information and belief, Defendants' actions have also detrimentally impacted Plaintiffs' profit margins and inventory turnover which have harmed their stability and overall health.

57.     Upon information and belief, Defendants' passing off, deceptive acts and practices have derailed marketing programs with Amazon that were intended to increase the exposure and sales of Plaintiffs' product lines, causing further losses to Plaintiffs which paid Amazon hundreds of thousands in marketing dollars.

58.     Upon information and belief, Plaintiffs have suffered and will continue to suffer severe damage to the reputation and goodwill of their brands by virtue of, *inter alia*, the negative reviews left by customers on Amazon based upon the inferior products sold by Defendants to those customers.

59.     By the same token, these negative reviews left by customers in response to receiving Defendants' inferior, and expired or short-dated product are detrimental to Plaintiffs' own sales for the lifetime of the product.

### FIRST CAUSE OF ACTION
**Implied Passing Off Under the Lanham Act**
**15 U.S.C. § 1125(a)**

60.     Plaintiffs repeat and reallege the allegations set forth above in paragraphs 1 through 59 as though fully set forth herein.

61.     Defendants have used Plaintiffs' advertising materials, including *inter alia*, photographs of Plaintiffs' branded packaging and products as displayed on Amazon.com, ASIN B00K2RY8GI, to represent to actual and potential customers that the products they are selling are the same as those advertised, marketed, promoted, offered for sale and sold by Plaintiffs.

62.     By utilizing photographs of Plaintiffs' products and advertising materials as depicted on Amazon.com, ASIN B00K2RY8GI, Defendants intentionally and fraudulently mislead customers to purchase Defendants' inferior and expired products.

63.     The foregoing constitutes implied passing off under § 43(a) of the Lanham Act.

64.     Defendants have engaged and continue to engage in these activities knowingly and willfully.

65.     Consumers have been confused and/or re likely to be confused, mistaken, or deceived as a result of Defendants' actions.

66.     Defendants' intentional, fraudulent and deceptive acts have injured or are likely to injure Plaintiffs' business and reputation with consumers in this judicial district and elsewhere in the United States by creating confusion.

67.     As a proximate result of Defendants' actions, Plaintiffs have suffered and will continue to suffer substantial and irreparable injury and damage to the goodwill of its business.

68.     Plaintiffs are entitled to injunctive relief and monetary damages in an amount to be determined at trial and in excess of $500,000.

69.     The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

<u>SECOND CAUSE OF ACTION</u>
**False Designation of Origin Under the Lanham Act**
**15 U.S.C. § 1125(a)**

70.     Plaintiffs repeat and reallege the allegations set forth above in paragraphs 1 through 69 as though fully set forth herein.

71.     Defendants have deliberately and willfully attempted to trade upon Plaintiffs' goodwill in its marks CRAZY CUPS®, DOUBLE DONUT COFFEE®, and EKOCUPS™ and

the reputation established by Plaintiffs in connection with its products in order to confuse consumers as to the origin and sponsorship of Defendants' goods and to pass off their products as those of Plaintiffs.

72.     Defendants have advertised their products under Plaintiffs' marks on Amazon listings and then filled orders made under these listings with different, inferior and expired product.

73.     Defendants' unauthorized and tortious conduct has also deprived and will continue to deprive Plaintiffs of the ability to control the consumer perception of its products as offered under Plaintiffs' marks, effectively placing the valuable reputation and goodwill of Plaintiffs' growing business in the hands of Defendants.

74.     Defendants' conduct has caused and is likely to continue to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with Plaintiffs, and as to the origin, sponsorship or approval of Defendants and their products, in violation of §43 of the Lanham Act, 15 U.S.C. § 1125(a).

75.     Defendants have engaged and continue to engage in these activities knowingly and willfully.

76.     Defendants had direct and full knowledge of Plaintiffs' prior rights in their marks before the acts complained of herein.

77.     Defendants' intentional, fraudulent and deceptive acts have injured or are likely to injure Plaintiffs' business and reputation with consumers in this judicial district and elsewhere in the United States by creating confusion.

78.     As a proximate result of Defendants' actions, Plaintiffs have suffered and will continue to suffer substantial and irreparable injury and damage to the goodwill of its business.

79.     Plaintiffs are entitled to injunctive relief and monetary damages in an amount to be determined at trial and in excess of $500,000.

80.     The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

**THIRD CAUSE OF ACTION**
**False Advertising Under the Lanham Act**
**15 U.S.C. § 1125(a)**

81.     Plaintiffs repeat and reallege the allegations set forth above in paragraphs 1 through 80 as though fully set forth herein.

82.     Defendants intentionally chose to and list themselves as a retailer under the listing created by Plaintiffs on Amazon.

83.     Defendants intentionally chose to sell and distribute their different, inferior and expired products under the listing created by Plaintiffs on Amazon.

84.     Defendants' actions misrepresent the nature, characteristics, qualities and geographic origins of Defendants' coffee capsules, as well as those advertised and sold by Plaintiffs.

85.     Defendants actions deceived and will continue to deceive a number of customers who purchased and will purchase Defendants' coffee capsules instead of those offered by Plaintiffs.

86.     Customers who were once satisfied, repeat customers will no longer purchase Plaintiffs' products as a direct result of Defendants' actions.

87.     Defendants' past and continued advertising, marketing, sale, offer for sale and distribution of coffee capsules that are different from those which appear on the Amazon listing

created by Plaintiffs constitute false advertising, in violation of §43 of the Lanham Act, 15

U.S.C. § 1125(a).

88.     Defendants have engaged and continue to engage in these activities knowingly

and willfully.

89.     Defendants' intentional, fraudulent and deceptive acts have injured or are likely to

injure Plaintiffs' business and reputation with consumers in this judicial district and elsewhere in

the United States by creating confusion.

90.     As a proximate result of Defendants' actions, Plaintiffs have suffered and will

continue to suffer substantial and irreparable injury and damage to the goodwill of its business.

91.     Plaintiffs are entitled to injunctive relief and monetary damages in an amount to

be determined at trial and in excess of $500,000.

92.     The knowing, intentional and willful nature of the acts set forth herein renders this

an exceptional case under 15 U.S.C. § 1117(a).

### FOURTH CAUSE OF ACTION
**Infringement of CRAZY CUPS® Registered Trademark**
**15 U.S.C. § 1114(a)**

93.     Plaintiffs repeat and reallege the allegations set forth above in paragraphs 1

through 92 as though fully set forth herein.

94.     Creative Implementation is the owner of the protectable trademark CRAZY

CUPS®, U.S. Trademark Registration No. 4405938.

95.     Without license or permission, Defendants listed their products under the Amazon

listing created by Plaintiffs which advertise and offer for sale CRAZY CUPS® coffee capsules

when, in fact, the products that the Defendants' actually sold and distributed were not and did not

include CRAZY CUPS® coffee capsules.

18

96.     Customers who thought that they were purchasing the advertised CRAZY CUPS® coffee capsules received no CRAZY CUPS® coffee capsules when ordering products from Defendants.

97.     Defendants use of the CRAZY CUPS® trademark in commerce is without authorization.

98.     Defendants have engaged and continue to engage in these activities knowingly and willfully.

99.     Consumers have been or are likely to be confused, mistaken, or deceived as a result of Defendants' unauthorized use of the CRAZY CUPS® trademark.

100.    Defendants' deceptive acts have injured or are likely to injure Plaintiffs' business and reputation with consumers in this judicial district and elsewhere in the United States by creating confusion about the source of CRAZY CUPS® products.

101.    As a proximate result of Defendants' infringement of the CRAZY CUPS® trademark, Plaintiffs have suffered and will continue to suffer substantial and irreparable injury and damage to the goodwill associated with CRAZY CUPS®.

102.    Plaintiffs are entitled to injunctive relief and damages in an amount to be determined at trial.

103.    The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

## FIFTH CAUSE OF ACTION
### Infringement of DOUBLE DONUT COFFEE® Registered Trademark
### 15  U.S.C. § 1114(a)

104.    Plaintiffs repeat and reallege the allegations set forth above in paragraphs 1 through 103 as though fully set forth herein.

105.    Creative is the owner of the protectable trademark DOUBLE DONUT

COFFEE®, U.S. Trademark Registration No. 4958923.

106.    Without license or permission, Defendants listed their products under the Amazon

listing created by Plaintiffs which advertise and offer for sale DOUBLE DONUT COFFEE®

coffee capsules when, in fact, the products that the Defendants' actually sold and distributed

were not and did not include DOUBLE DONUT COFFEE® coffee capsules.

107.    Customers who thought that they were purchasing the advertised DOUBLE

DONUT COFFEE® coffee capsules received no DOUBLE DONUT COFFEE® coffee capsules

when ordering products from Defendants.

108.    Defendants use of the DOUBLE DONUT COFFEE® trademark in commerce is

without authorization.

109.    Defendants have engaged and continue to engage in these activities knowingly

and willfully.

110.    Consumers have been or are likely to be confused, mistaken, or deceived as a

result of Defendants' unauthorized use of the DOUBLE DONUT COFFEE® trademark.

111.    Defendants' deceptive acts have injured or are likely to injure Plaintiffs' business

and reputation with consumers in this judicial district and elsewhere in the United States by

creating confusion about the source of DOUBLE DONUT COFFEE® products.

112.    As a proximate result of Defendants' infringement of the DOUBLE DONUT

COFFEE® trademark, Plaintiffs have suffered and will continue to suffer substantial and

irreparable injury and damage to the goodwill associated with DOUBLE DONUT COFFEE®.

113.    Plaintiffs are entitled to injunctive relief and damages in an amount to be

determined at trial.

114.    The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

**SIXTH CAUSE OF ACTION**
**Infringement of EKOCUPS™ Trademark**
**15 U.S.C. § 1125(a)**

115.    Plaintiffs repeat and reallege the allegations set forth above in paragraphs 1 through 114 as though fully set forth herein.

116.    26 Flavors is the owner of the trademark EKOCUPS™.

117.    An application for registration of the EKOCUPS™ marks has been filed with the United States Patent and Trademark Office under Application Serial No. 87852519.

118.    The application for EKOCUPS™ has been allowed by the United States Patent and Trademark Office, and will be registered in due course.

119.    The EKOCUPS™ is inherently distinctive and/or has acquired secondary meaning.

120.    Without license or permission, Defendants listed their products under the Amazon listing created by Plaintiffs which advertise and offer for sale EKOCUPS™ coffee capsules when, in fact, the products that the Defendants' actually sold and distributed were not and did not include EKOCUPS™ coffee capsules.

121.    Customers who thought that they were purchasing the advertised EKOCUPS™ coffee capsules received no EKOCUPS™ coffee capsules when ordering products from Defendants.

122.    Defendants use of the EKOCUPS™ trademark in commerce is without authorization.

123.    Defendants have engaged and continue to engage in these activities knowingly and willfully.

124.    Consumers have been or are likely to be confused, mistaken, or deceived as a result of Defendants' unauthorized use of the EKOCUPS™ trademark.

125.    Defendants' deceptive acts have injured or are likely to injure Plaintiffs' business and reputation with consumers in this judicial district and elsewhere in the United States by creating confusion about the source of EKOCUPS™ products.

126.    As a proximate result of Defendants' infringement of the EKOCUPS™ trademark, Plaintiffs have suffered and will continue to suffer substantial and irreparable injury and damage to the goodwill associated with EKOCUPS™.

127.    Plaintiffs are entitled to injunctive relief and damages in an amount to be determined at trial.

128.    The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

## SEVETH CAUSE OF ACTION
### Violation of New York's General Business Law § 349
### Deceptive Acts and Practices Unlawful

129.    Plaintiffs repeat and reallege the allegations set forth above in paragraphs 1 through 128 as though fully set forth herein.

130.    Defendants' aforesaid activities constitute deceptive acts or practices in the conduct of business trade or commerce or in furnishing of services in violation of New York General Business Law § 349.

131.    Defendants' acts of unfair competition have caused Plaintiffs to suffer monetary damage, loss, and injury.

22

132.    Upon information and belief, Defendants have engaged and continue to engage in these activities knowingly and willfully.

133.    Defendants' acts of unfair competition, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss, and injury.

134.    Plaintiffs have suffered harm because of Defendants' materially deceptive practices in the form of damage to their business reputation and lost sales.

135.    Defendants are liable under Section 349 for: (1) compensatory damages; (2) treble damages pursuant to Section 349(h); (3) any and all reasonable attorneys' fees incurred and to be incurred by Plaintiffs in prosecuting this action pursuant to Section 349(h); and (4) punitive damages in an amount to be determined by the jury.

136.    As a proximate result of Defendants' materially deceptive practice, Plaintiffs have been irreparably harmed and are entitled to injunctive relief and damages in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION
**Unfair Competition and Misappropriation Under Common Law**

137.    Plaintiffs repeat and reallege the allegations set forth above in paragraphs 1 through 136 as though fully set forth herein.

138.    Defendants' unlawful and improper actions as set forth above misappropriate and trade upon Plaintiffs' reputation and goodwill, thereby injuring that reputation and goodwill, and unjustly divert from Plaintiffs to Defendants the benefits rightfully belonging to Plaintiffs.

139.    Defendants' unlawful activities constitute unfair competition and misappropriation as proscribed by common law.

140.    Defendants' acts of unfair competition and misappropriation have caused

Plaintiffs to sustain monetary damage, loss, and injury.

141.    Upon information and belief, Defendants have engaged and continue to engage in these activities knowingly and willfully.

142.    Defendants' acts of unfair competition and misappropriation, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss, and injury.

143.    Plaintiffs have no adequate remedy at law.

144.    As a proximate result of Defendants' materially deceptive practice, Plaintiffs have been irreparably harmed and are entitled to injunctive relief and damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows:

A.    That Defendants be held liable for implied passing off, false designation of origin and false descriptions; false advertising; deceptive trade practices; unfair competition; misappropriating and other wrongful activities in connection with the advertising of products;

B.    That Defendants, their agents, servants, related companies, and all parties in privity with them, or any of them, be enjoined preliminarily and permanently from committing any further acts that constitute implied passing off, false designation of origin and false descriptions; false advertising; deceptive trade practices; unfairly competing; misappropriating and other wrongful activities;

C.    That Defendants be held liable for infringement of the trademarks CRAZY CUPS®, DOUBLE DONUT COFFEE® and EKOCUPS™ and any other marks belonging to Plaintiffs which are being infringed by Defendants;

D.    That Defendants, their agents, servants, related companies, and all parties in

privity with them, or any one of them, be enjoined preliminarily and permanently from infringing Plaintiffs' trademark rights in the marks CRAZY CUPS®, DOUBLE DONUT COFFEE®, and EKOCUPS™ and any other marks belonging to Plaintiffs;

   E. That Defendants be required to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' passing off, false designations of origin, false advertising, infringements and other wrongful activities complained of herein, and to account for all gains, profits, and advantages derived by Defendants from said passing off, false designations of origin, false advertising, infringements and other wrongful activities complained of herein, and that such award for damages be trebled to the willful and wanton nature thereof;

   F. That Defendants pay Plaintiffs for the costs of this action and for Plaintiffs' reasonable attorney's fees, as the Court may allow; and,

   G. That Plaintiffs be granted such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs request a trial by jury on all issues so triable.

Respectfully submitted,

**STERN & SCHURIN LLP**

By:

Steven Stern
   sstern@sternschurin.com
Richard Schurin
   rschurin@sternschurin.com
595 Stewart Avenue
Suite 510
Garden City, NY 11530
Telephone: (516) 248-0300
Facsimile: (516) 283-0277

*Attorneys for Plaintiffs*

Dated: October 22, 2018
          Garden City, New York