UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CREATIVE IMPLEMENTATION CORP. and 26 FLAVORS LLC,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>DEALS ON CALL LLC and YURY BERSON,<br><br>　　　　　　　　Defendants. | Civil Action No.: 18-9694 (VM)<br><br>**ANSWER, AFFIRMATIVE**<br>**DEFENSES, & COUNTERCLAIM**<br><br>**ECF CASE** |

Defendants **DEALS ON CALL LLC**, ("Deals on Call") and **YURY BERSON** ("Berson"), (collectively, "Defendants") by their attorneys, MAYA MURPHY, P.C., hereby answer the Complaint and Counterclaim as follows:

1. Deny each and every allegation contained in the following paragraphs of the Complaint: 1, 3-6, 20-23, 33, 37, 39, 41, 55-59, 61-69, 71-80, 83-92, 95, 97-103, 106, 108-114, 120, 122-128, 130-136, and 138-144.

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in the following paragraphs of the Complaint: 2, 10-14, 24-30, 35-36, 40, 45-54, 94, 96, 105, 107, 116-119, and 121.

3. Leaves the Plaintiff to its proof as to the following paragraphs of the Complaint: 7-9.

4. Admits the allegations contained in the following paragraphs of the Complaint: 15-16, 18-19.

5. As to paragraph 17 of the Complaint, Defendants Admit only that Defendant Deals On Call utilizes the Amazon.com platform, subject to the Amazon terms and conditions, for the

1

purpose of selling grocery and food items on Amazon.com, including, *inter alia*, single use coffee capsules, and denies the remainder of the allegations in such paragraph.

6.   As to paragraphs 31 and 32 of the Complaint, Defendants Admit only that Defendant Deals On Call utilizes the Amazon.com platform, subject to the Amazon terms and conditions, for the purpose of selling grocery and food items on Amazon.com, including, *inter alia*, single use coffee capsules, and denies the remainder of the allegations in such paragraphs.

7.   As to paragraphs 34 and 82 of the Complaint, Defendants Admit only that Defendant Deals On Call was expressly approved by Amazon.com to sell products under Amazon ASIN B00K2RY8GI, and denies the remainder of the allegations in such paragraphs.

8.   As to paragraphs 38, 42, and 44 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to what customers did or did not do, and leave Plaintiff to its proof as to the origin, authenticity, and author of such purported review and the subject thereof.

9.   As to paragraph 43 of the Complaint, Defendants admit the allegations except as to the characterization of ASIN B00K2RY8GI as "Plaintiff's Amazon listing," which characterization is denied.

## **DEFENSES**

Defendants assert the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof Defendants do not have as a matter of law.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant Berson, even as the sole member of Defendant Deals on Call LLC, does not have personal liability for the actions of Defendant Deals on Call LLC.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in part or whole, by applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands, as Plaintiffs have repeatedly and persistently engaged in unfair competition, deceptive business practices in violation of NY Gen. Bus. Law Sec. 359, *inter alia*, and/or violations of Amazon.com's terms and conditions.

## FIFTH AFFIRMATIVE DEFENSE

Defendant Deals On Call's conduct was protected by the doctrine of justification, as it acted at all times within the parameters and requirements of Amazon.com's terms and conditions.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred by the doctrine of unjust enrichment.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs suffered no actual injury by reason of the Defendants' conduct.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants were not the proximate or legal cause of Plaintiffs' purported damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are seeking to recover lost profits or purported damages that are completely speculative in nature.

**TENTH AFFIRMATIVE DEFENSE**

Amazon.com is responsible for all or part of Plaintiffs' purported damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to join parties necessary to the prosecution of their claims, including, but not limited to Amazon.com and Single Serve Beverage Distribution (SSBD).

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovery because their acts are in violation of public policy.

**RESERVATION OF RIGHT TO PLEAD ADDITIONAL DEFENSES**

Defendants hereby reserve the right to amend their Answer and to assert any additional affirmative defenses as the facts and law warrant, including during the trial in this matter.

**AS AND FOR COUNTERCLAIMS AGAINST CREATIVE IMPLEMENTATION CORP. and 26 FLAVORS LLC**

**Facts Common to All Counterclaims**

1. Counterclaim Plaintiff DEALS ON CALL LLC ("Counterclaim Plaintiff") is an Amazon.com fulfillment seller, utilizing the Amazon.com platform at all relevant times described herein.

2. Counterclaim Defendants Creative Implementation Corp. ("Creative") and 26 Flavors ("26 Flavors") (collectively, "Counterclaim Defendants") purport to be the licensees of trademarks utilized in connection with the sale of single-use coffee capsules and pods on Amazon.com.

3. Counterclaim Defendants have unity in interest, and at relevant times have interchangeably – and, upon information and belief, for convenience -- utilized and/or have done

business by the names Single Serve Beverage Distribution ("SSBD"), Perfect Samplers ("Perfect Samplers"), and Crazy Cups ("Crazy Cups") in commerce and/or through the Amazon.com platform.

4. Counterclaim Plaintiff, repeatedly and at various times, has been and was expressly authorized by Amazon.com to sell products (single-use coffee pods) under a listing identified as ASIN B00K2RY8GI (hereinafter, "the Coffee Variety Pack ASIN" or "this ASIN").

5. At all relevant times, Amazon.com is and has been the ultimate arbiter of what appears on any ASIN, including the listing here known as the Coffee Variety Pack ASIN. Once a listing is created, such listing becomes the exclusive property of Amazon.com.

6. Upon information and belief, Amazon.com allows any seller to apply to list on any given ASIN, subject to "listing restrictions" and verification of the source of the product.

7. The ASIN listing is not the intellectual property of the Counterclaim Defendants.

8. Counterclaim Plaintiff does not claim, and have never claimed to sell any of Counterclaim Defendants' brands or using their packaging, whether on Amazon.com or otherwise.

9. The Coffee Variety Pack ASIN existed for several years before Counterclaim Plaintiff was approved or sold product under such designation.

10. Upon information and belief, the subject ASIN was riddled with nearly 33% negative reviews for years prior to Counterclaim Plaintiff was approved by Amazon.com and began selling product under such ASIN.

11. Counterclaim Defendants have repeatedly sold product to Amazon.com and customers that were "not as described" under this particular ASIN.

12. Counterclaim Defendants engaged in catalog manipulation and/or ASIN hijacking with respect to the Coffee Variety Pack ASIN, by replacing product attributes on the ASIN product detail in a manner designed to manufacture false trademark infringement threats and self-serving complaints to Amazon.com. These threats and complaints were made for the purpose of initiating baseless Amazon.com investigations of Counterclaim Plaintiff for Counterclaim Defendants' own pecuniary advantage, while causing monetary harm to Counterclaim Plaintiff.

13. Counterclaim Defendants hijacked the ASIN detail page at various times, *inter alia*, by modifying/including a "no decaf" designation, by manipulating the listing with "seller specific" descriptions and designations in violation of Amazon.com policies, and by wrongfully/improperly utilizing a brand name in lieu of a product classification in violation of Amazon selling policies and the seller code of conduct.

14. In various ways and at numerous times, Counterclaim Defendants utilized the Amazon.com platform to change the product image(s), description(s), and/or title(s) to the ASIN in question, in an effort to disqualify Counterclaim Plaintiff, and others, from selling products they had been authorized by Amazon.com to sell under the ASIN.

**AS AND FOR A FIRST COUNTERCLAIM FOR DEFAMATION**

1-14. The factual allegations of the counterclaims are repeated as if fully set forth herein.

15. Upon information and belief, Counterclaim Defendants falsely, willfully, and intentionally represented to Amazon.com, and others, that Counterclaim Plaintiffs were selling

their branded products, when in fact, Counterclaim Plaintiffs had at no time engaged in such activity.

16. Upon information and belief, Counterclaim Defendants falsified orders and/or customer reviews, and/or initiated returns and/or refunds of purchases made from Counterclaim Plaintiffs, in order to negatively impact Counterclaim Plaintiff, both financially and in terms of reputation in the Amazon.com marketplace.

17. In communications to Amazon.com and others, Counterclaim Defendants have falsely accused Counterclaim Plaintiff of trademark infringement and other trade practices.

18. Counterclaim Defendants, and each of them, have falsely, intentionally, willfully, and knowingly reported to Amazon.com that Counterclaim Plaintiffs were engaging in trademark infringement and other illegal trade practices.

19. These types of accusations have caused the removal of Counterclaim Plaintiff's listing from the subject ASIN, on numerous occasions, thereby damaging Counterclaim Plaintiff's sales, reputation, and status with Amazon.com.

20. Counterclaim Defendant's unfounded accusations generated Amazon Policy Warnings, which in turn negatively impact Counterclaim Plaintiff's Amazon Seller Metrics (the measurements used by Amazon to evaluate a seller's performance).

21. Upon information and belief, negative Amazon Seller Metrics can and do harm sellers, including impacting seller privileges and a seller's ability to obtain financing from Amazon.

22. As a result of the foregoing conduct, Counterclaim Plaintiff has been damaged and continues to suffer losses for which it is entitled to recover compensatory and punitive damages.

**AS AND FOR A SECOND COUNTERCLAIM FOR TORTIOUS INTERFERENCE**

1-22. The factual allegations of the paragraphs 1-22 of these counterclaims are repeated as if fully set forth herein.

23. Counterclaim Plaintiffs have a valid contract and/or an economic expectancy by virtue of a long-standing relationship with Amazon.com, the existence of which contract and/or economic expectancy are known to Counterclaim Defendants.

24. Counterclaim Defendants intended to interfere with such contract and/or economic expectancy.

25. By its conduct set forth herein, *inter alia*, Counterclaim Defendants actually and improperly interfered with such contract and/or expectancy.

26. Counterclaim Plaintiff has been damaged by such interference.

**AS AND FOR A THIRD COUNTERCLAIM FOR VIOLATION OF NEW YORK'S GENERAL BUSINESS LAW SECTION 349, DECEPTIVE ACTS AND PRACTICES**

1-27. The allegations of paragraphs 1-27 of these counterclaims are repeated as if fully set forth herein.

28. Counterclaim Defendants' activities constitute deceptive acts or practices in the conduct of business trade or commerce or in furnishing of services in violation of New York General Business Law Section 349.

29. Counterclaim Defendants' continuing and willful acts of unfair competition have caused Counterclaim Plaintiff to suffer monetary damage, loss, and injury.

30. Counterclaim Defendants' acts of unfair competition, unless enjoined by this Court, will continue to cause Counterclaim Plaintiff to sustain irreparable damage, loss, and injury.

31. Counterclaim Plaintiff has suffered harm because of Counterclaim Defendants' materially deceptive practices in the form of damage to business reputation and lost sales.

32. Counterclaim Defendants are liable under Section 349 for: (1) compensatory damages; (2) treble damages pursuant to Section 349(h); (3) any and all reasonable attorneys' fees incurred and to be incurred by Counterclaim Plaintiff in prosecuting this action; and (4) punitive damages in an amount to be determined by a jury.

33. As a proximate result of Counterclaim Defendants' materially deceptive practices, Counterclaim Plaintiff has been irreparably harmed and is entitled to injunctive relief and damages in an amount to be determined at Trial.

    **WHEREFORE,** Defendants demand judgment against Plaintiff as follows:

        a. Dismissal of the Complaint;
        b. Attorneys' fees;
        c. Costs of suit; and
        d. Any other equitable relief deemed appropriate by the Court.

And as to the Counterclaims, Counterclaim Plaintiffs pray for judgment against Counterclaim Defendants as follows:

    a. That Counterclaim Defendants, and each of them, be held liable for Defamation, Tortious Interference, and Deceptive Trade Practices;

    b. That the Counterclaim Defendants, their agents, servants, related companies, and all parties in privity with them, or any of them, be preliminarily and permanently enjoined from committing any further acts which constitute tortious interference, deceptive trade practices, and other wrongful activities;

    c. That the Counterclaim Defendants be required to pay the Counterclaim Plaintiff damages sustained by virtue of the actions of Counterclaim Defendants as described herein, and that such award be trebled and punitive for the willful and wanton nature thereof;

    d. That Counterclaim Plaintiff be awarded costs of this action and reasonable attorneys' fees as permitted by law and this Honorable Court; and

    e. That Counterclaim Plaintiff be awarded such other and further relief as may be deemed just and proper.

Dated: Westport, CT
        June 7, 2019

THE DEFENDANTS

BY THEIR ATTORNEYS:

MAYA MURPHY, P.C.

By:   /s/ H. Daniel Murphy, Esq (HM2199)
      266 Post Road East
      Westport CT  06880
      (203) 221-3100 phone
      (203) 221-3199 fax
      hdmurphy@mayalaw.com

To: STERN & SCHURIN LLP
Steven Stern, Esq.
595 Stewart Avenue
Suite 510
Garden City, NY 11530
Tel: 516-248-0300
Fax: 516-283-0277

*Attorneys for Plaintiff*